1  William E. Ireland (Bar No. 115600)
     *wireland@hbblaw.com*
2  HAIGHT BROWN & BONESTEEL LLP
   555 South Flower Street, Forty-Fifth Floor
3  Los Angeles, California 90071
   Telephone: 213.542.8000
4  Facsimile: 213.542.8100

5  Walter A. Herring (Pro Hac Vice Pending)
   Jessica L. Spaniol (Pro Hac Vice Pending)
6  Munck Wilson Mandala
   600 Banner Tower
7  12700 Coit Road
   Dallas, Texas 75251
8  Telephone No.: (972) 628-3600
   Facsimile No.: (972) 628-3616

9
   Attorneys for Defendant
10 Recovery Healthcare Corporation

11              **UNITED STATES DISTRICT COURT**

12    **CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION**

13

14  JENNIFER OH, et al.,                    Case No. 2:17-cv-05588-CAS-PLA

15              Plaintiffs,                 **NOTICE OF MOTION AND
                                            MOTION TO DISMISS PURSUANT**
16         v.                               **TO FEDERAL RULE OF CIVIL
                                            PROCEDURE 12(b)(2);**
17  SCRAM OF CALIFORNIA, INC., et           **MEMORANDUM OF POINTS AND
    al.,                                    AUTHORITIES; DECLARATION**
18                                          **OF LARRY A. VANDERWOUDE**
                Defendants.
19                                          Date:    September 25, 2017
                                            Time:    10:00 a.m.
20                                          Crtrm.:  8

21  _____        Trial Date:      Not Yet Set

22         TO ALL PLAINTIFFS AND THEIR ATTORNEYS OF RECORD:

23         PLEASE TAKE NOTICE that at 10:00 a.m. on September 25, 2017 in

24  Courtroom 8, located in the First Street Courthouse, 350 W. First Street, Courtroom

25  8D, 8th Floor, Los Angeles, CA 90012, Defendant Recovery Healthcare

26  Corporation will move to dismiss the complaint pursuant to Federal Rule of Civil

27  Procedure 12(b)(2) on the grounds that the Court lacks personal jurisdiction over

28  Defendant Recovery Healthcare Corporation ("RHC").

1    The Court lacks general jurisdiction because RHC is incorporated in Texas,

2    its principal place of business is in Texas, and RHC does not have a presence in the

3    California forum.  This Court lacks specific jurisdiction over RHC because Plaintiffs

4    do not assert any factual allegations to support specific jurisdiction over RHC and

5    RHC's only involvement with the devices at issue occurred in its four-state region

6    outside of California.

7         The motion is based upon this Notice, the Memorandum and Points of

8    Authorities, the Declaration of Larry A. Vanderwoude, the pleadings and papers

9    filed herein, and upon such other matters as may be presented to the Court at or

10   before the time of the hearing on this motion.

11        This motion is made following Defendant's attempt to participate in a

12   conference of counsel, pursuant to local rule 7-3, which could not occur because

13   Plaintiff did not reply to repeated requests to meet and confer, as set forth in the

14   Declaration of William E. Ireland.

15

16   Dated:  August 28, 2017          HAIGHT BROWN & BONESTEEL LLP

17

18

19                                  By: _____/s/ William E. Ireland_____

20                                       William E. Ireland
                                         Attorneys for Defendant
21                                       Recovery Healthcare Corporation

22

23

24

25

26

27

28

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.

## INTRODUCTION

RHC is a Texas corporation that conducts business in a four-state region outside of the California forum.  Simply put, RHC does not have a connection to or presence in California.  Plaintiffs' assertions of boilerplate allegations against Defendants collectively fail to satisfy Plaintiffs' burden to establish that this Court has personal jurisdiction over RHC.  RHC's lack of contacts with the California forum requires dismissal of RHC based on this Court's lack of personal jurisdiction over it.

## II.

## STATEMENT OF FACTS

On August 3, 2017, Plaintiffs Jennifer Oh *et al.* filed this putative class action against eighteen named Defendants, including RHC.  Plaintiffs assert four causes of action against all Defendants collectively for alleged constitutional violations related to the purported class's use of SCRAM Continuous Alcohol Monitoring devices ("SCRAM Devices") throughout the United States.[1]  RHC was served with this lawsuit on August 8, 2017.[2]

In the complaint, Plaintiffs' only specific references to RHC are contained in a single paragraph and recognize RHC's Texas presence:

> Defendant Recovery Healthcare Corporation., ("RHC") is a Texas Corporation doing business in the State of Texas, a provider of alcohol monitoring to individuals throughout the Dallas, Texas area, and their corporate office is located at 9090 N. Stemmons Frwy, Suite# A, Dallas, Texas 75247.[3]

---

[1] Compl. at 22 & ¶¶ 123-148.

[2] Proof of Service on RHC, served Aug. 8, 2017 [Dkt. No. 25].

[3] Compl. ¶ 50.

1 Plaintiffs do not assert any connection between RHC and the California forum in the

2 Complaint.[4]

3     Plaintiffs' purported jurisdictional facts reference all Defendants collectively,

4 and without distinction between them.  For example, Plaintiffs assert without factual

5 support that "Defendants transact business in this District" and "Defendants' alleged

6 misconduct arises from this District," but Plaintiffs provide no specific factual

7 allegations related to RHC to support these contentions.[5]  Plaintiffs also assert that

8 Defendants were acting as "agents, conspirators, ostensible agents, partners, and/or

9 employees of all other Defendants," but Plaintiffs assert no factual allegations

10 related to RHC to support this allegation.[6]

11     RHC does not operate or have a presence in the California forum.  RHC is

12 incorporated in Texas, and its principal place of business is located in Dallas,

13 Texas.[7]  RHC does not have offices, staff, or other physical presence in California.[8]

14 RHC is not licensed to do business in California.[9]

15     RHC has agreements with Alcohol Monitoring Systems, Inc. ("AMS"), a

16 Delaware corporation with its principal place of business in Colorado,[10] which sells

17 SCRAM Devices to third party providers, like RHC.[11]  Pursuant to the agreements

18 with AMS, RHC is an authorized SCRAM Device provider for customers and

---

20     [4] *See generally* Compl.

21     [5] Compl. ¶ 3.

22     [6] Compl. ¶ 63.

23     [7] Ex. 1, Vanderwoude Decl. ¶ 6; Compl. ¶ 50.

24     [8] Ex. 1, Vanderwoude Decl. ¶ 7.

25     [9] Ex. 1, Vanderwoude Decl. ¶ 7.

26     [10] Compl. ¶ 44.

27     [11] Ex. 1, Vanderwoude Decl. ¶ 2.

Haight

1  clients in the Texas, Iowa, Minnesota and Oklahoma region.[12]  RHC markets,

2  demonstrates, sells, and provides SCRAM Devices for customers and clients within

3  those four states only.[13]  RHC is prohibited from marketing, demonstrating, selling,

4  or providing SCRAM Devices to customers and clients in California or other areas

5  outside of RHC's territory.[14]  The only named plaintiffs who obtained SCRAM

6  Devices from RHC are Derrick Smith and Kaleb Fajarado, who are both Texas

7  residents.[15]  The court orders requiring those two plaintiffs to wear SCRAM devices

8  were issued by courts in Texas.[16]

### III.

### ARGUMENTS AND AUHTORITIES

**A.    This Court lacks personal jurisdiction over RHC.**

12          Personal jurisdiction may only be exercised over a non-resident defendant

13  where (1) the state's long-arm statute authorizes the exercise of jurisdiction, and (2)

14  the assertion of jurisdiction will satisfy the requirements of due process.[17]  Because

15  California's long-arm statute is coextensive with the limits of due process, the sole

16  inquiry for the Court is whether the exercise of personal jurisdiction would violate

17  due process.[18]

_Haight_

---

[12] Ex. 1, Vanderwoude Decl. ¶ 2.

[13] Ex. 1, Vanderwoude Decl. ¶ 2.

[14] Ex. 1, Vanderwoude Decl. ¶ 2.

[15] Compl. ¶¶ 9-10; Ex. 1, Vanderwoude Decl. ¶ 3.

[16] Ex. 1, Vanderwoude Decl. ¶¶ 4-5 ; Ex. 1-A, Feb. 24, 2016 Order, _State v. Smith_, Cause No. CR-2014-06227-B, County Criminal Court No. 2, Denton County, Tex. ; Ex. 1-B, June 29, 2017 Order, _State of Texas v. Fajarado_, 2016CR11118, 227th Judicial Distirct Court, Bexar County, Tex.

[17] _Pebble Beach Co. v. Caddy_, 453 F.3d 1151, 1154 (9th Cir. 2006).

[18] CAL. CIV. PROC. CODE § 410.10; _Schwarzenegger v. Fred Martin Motor Co._, 374 F.3d 797, 800-801 (9th Cir. 2004).

In exercising personal jurisdiction over a non-resident defendant, due process requirements are satisfied only if the defendant has "certain minimum contacts with [the forum state] such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice."[19]  The plaintiff must show that the defendant took some action or engaged in some conduct that was purposefully directed at the forum state and for which he should reasonably anticipate being hailed into court there.[20]  Depending on the level of minimum contacts the defendant has with the forum, the court may exercise either general or specific jurisdiction.[21]

When a defendant files a motion to dismiss pursuant to Rule 12(b)(2), the plaintiff bears the burden of proving that the court may exercise jurisdiction over the defendant.[22]  The plaintiff's burden is generally to make a *prima facie* showing that personal jurisdiction exists.[23]  "Bare bones" assertions of the defendant's contacts with the forum or legal conclusions in a complaint without factual support will not satisfy the plaintiff's burden.[24]  Moreover, it is the defendant's connections with the forum state, rather than a plaintiff's or third party's connections, that are subject to evaluation on a motion to dismiss for lack of personal jurisdiction.[25]

---

[19] *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (internal citations omitted).

[20] *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980).

[21] *Burger King v. Rudzewicz*, 471 U.S. 462, 473 n. 15 (1985).

[22] *Pebble Beach*, 453 F.3d at 1154.

[23] *Id.*

[24] *Swartz v. KPMG LLP*, 476 F.3d 756, 766 (9th Cir. 2007).

[25] *Walden v. Fiore*, 134 S. Ct. 1115, 1122 (2014) ("Due process limits on the State's adjudicative authority principally protect the liberty of the nonresident defendant—not the convenience of the plaintiffs or third parties.  We have consistently rejected attempts to satisfy the defendant-focused 'minimum contacts' inquiry by demonstrating contacts between the plaintiff (or third parties) and the forum state." (citations omitted)).

**B.**     **General jurisdiction does not exist over RHC as a Texas corporation.**

A court may exercise general jurisdiction over a foreign corporation only when "the corporation's affiliations with the State in which suit is brought are so constant and pervasive as to render [the corporation] essentially at home in the forum State."[26] In *Daimler AG v. Bauman*, the Supreme Court explained that this standard limits general jurisdiction, with rare exception, to a corporate-defendant's state of incorporation and principal place of business.[27]

The absence of general jurisdiction over RHC in the California forum cannot reasonably be disputed. As Plaintiffs acknowledge in the complaint, RHC is incorporated in Texas and its principal place of business is in Dallas, Texas.[28] Under *Daimler AG v. Bauman*, the complaint demonstrates that general jurisdiction does not exist.[29]

Aside from its domicile outside of the forum, RHC also does not maintain a presence in California. RHC is not registered to do business in the state, and RHC does not have offices, staff, or other physical presence in California.[30] Plaintiffs thus cannot establish that RHC is "at home" in the California forum for general jurisdiction to exist.[31]

---

[26] *Daimler AG v. Bauman*, 134 S. Ct. 746, 751 (2014) (quoting *Goodyear Dunlop Tires Ops., S.A. v. Brown*, 131 S.Ct. 2846, 2851 (2011)); *see also Int'l Shoe Co.*, 326 U.S. at 318 (explaining general jurisdiction may be exercised when "continuous corporate operations within a state were thought so substantial and of such a nature as to justify suit against it on causes of action arising from dealings entirely distinct from those [operations]."); *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 415-16 (1984) (providing that "continuous and systematic" contacts are required).

[27] *Daimler*, 134 S.Ct. at 760 n. 19; *id.* at 760 (citing *Goodyear Dunlop*, 131 S.Ct. at 2854).

[28] Compl. ¶ 50; Ex. 1, Vanderwoude Decl. ¶ 6.

[29] *Daimler*, 134 S.Ct. at 760 n. 19; *id.* at 760 (citing *Goodyear Dunlop*, 131 S.Ct. at 2853-54).

[30] Ex. 1, Vanderwoude Decl. ¶ 7.

[31] *Goodyear Dunlop*, 131 S.Ct. at 2851.

Haight

**C.**     **The Court lacks specific jurisdiction over RHC.**

Specific jurisdiction can be established only when the defendant "has sufficient minimum contacts with the forum state arising from, or related to, the plaintiff's claims."[32]   The Ninth Circuit applies a three-part test to determine whether specific jurisdiction exists:

> (1) The non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws;
>
> (2) the claim must be one which arises out of or relates to the defendant's forum-related activities; and
>
> (3) the exercise of jurisdiction must comport with fair play and substantial justice, i.e. it must be reasonable.[33]

The plaintiff bears the burden of proving the first two factors of the test.[34]   If the plaintiff fails to prove either of the first two factors, specific jurisdiction does not exist in the forum state.[35]   Generic pleadings against defendants collectively are insufficient to satisfy a plaintiff's burden of showing that sufficient contacts exist for a court to exercise specific jurisdiction.[36]

---

[32] *Park-Kim v. Daikin Indus., Ltd.*, 2:15-cv-09523, 2016 WL 5958251, at *4 (C. D. Cal. Aug. 3, 2016) (Snyder, J.).

[33] *Schwarzenegger*, 374 F.3d at 802.  If the plaintiff satisfies the first two factors, the burden shifts to the defendant to "present a compelling case" that it would not be reasonable to for the court to exercise personal jurisdiction over the defendant. *Id.* (citing *Burger King*, 471 U.S. at 476-78).  Because Plaintiff has not and cannot satisfy the first two factors, this memorandum does not address the third factor.

[34] *Id.*

[35] *Id.*

[36] *Swartz v. KPMG, LLP*, 476 F.3d 756, 766 (9th Cir. 2007) ("Appellees are correct that conclusory allegations that '[defendants] directed communication into the U.S. Western District of Washington and otherwise conducted business therein sufficient to establish minimum contacts

1    To satisfy the first factor, purposeful direction requires a showing that the

2    defendant "(1) committed an intentional act, (2) expressly aimed at the forum state,

3    (3) causing harm that the defendant knows was likely to be suffered in the forum

4    state."[37]  The complaint is devoid of any assertions that RHC committed intentional

5    acts directed at the California forum.[38]  Instead, the complaint acknowledges RHC's

6    connection to Texas, not California.[39]  Plaintiffs thus have not pled any facts to

7    show that RHC purposefully directed activity at the California forum or any causes

8    of action against RHC based on that California-directed activity to address either of

9    the first two factors in the Ninth Circuit test for specific jurisdiction.[40]

10   As this Court recognized in *Park-Kim*, "with respect to plaintiffs' assertion

11   that each defendant is the agent of the other, such boilerplate legal conclusions add

12   little weight to the scales, as they cannot be accepted as true on a motion to dismiss

13   for lack of personal jurisdiction."[41]  Similarly, Plaintiffs' boilerplate assertions that

14   Defendants collectively transact business in this District, engaged in alleged

15

16   _____

17   within the forum that support the exercise of jurisdiction over their persons by this Court' are
     insufficient to establish a prima facie showing of personal jurisdiction."); *LY Retail, LLC v. Ison*

18   *Furniture, LLC*, No. CV 13-00625, 2013 WL 1233851, at *5-6 (C.D. Cal. Jul. 11, 2013)(granting
     defendants' motion to dismiss for lack of personal jurisdiction because plaintiffs' allegations

19   against defendants collectively were insufficient to meet plaintiffs' burden to plead facts to show
     personal jurisdiction existed specifically as to the two defendants who filed the motion to dismiss).

20
     [37] *Schwarzenegger*, 374 F.3d at 803 (citation omitted).  Plaintiffs' constitutional claims

21   require an analysis of purposeful direction as opposed to purposeful availment for the first factor
     of the Ninth Circuit specific jurisdiction test.  *See Fletcher v. Missouri*, No. CV 10-02268, 2010

22   WL 2757458, at *4-5 (C.D. Cal. Jul. 13, 2010) (analyzing *Bivens* claims asserted against Missouri
     federal judges under purposeful direction).

23
     [38] *See generally* Compl.

24
     [39] Compl. ¶ 50.

25

26   [40] *Fletcher*, 2010 WL 2757458, at *4.

27   [41] *Park-Kim*, 2016 WL 5958251 at *5 (granting motion to dismiss for lack of personal
     jurisdiction).

28

misconduct that arises from this District, and acted as agents and co-conspirators of each other cannot support this Court's specific jurisdiction over RHC.[42]

Moreover, RHC's actual involvement with the SCRAM Devices at issue demonstrates that specific jurisdiction does not exist.  Through its agreements with AMS, RHC's role regarding the SCRAM Devices is to serve as the regional provider of the devices in Texas, Iowa, Minnesota and Oklahoma only.[43]  RHC only markets, demonstrates, sells, and provides the devices for customers and clients within its four-state region.[44]  Only two of the named plaintiffs obtained SCRAM Devices from RHC, and the courts that required those plaintiffs to wear SCRAM Devices are Texas courts.[45]  RHC's agreements with AMS dictate that RHC cannot pursue business related to the SCRAM Devices in California or other states outside of RHC's region.[46]  Because Plaintiffs failed to plead any facts to support specific jurisdiction over RHC, and RHC's involvement with the SCRAM Devices at issue occurs outside of the California forum, this Court lacks personal jurisdiction over RHC and the motion should be granted.[47]

---

[42] Compl. ¶¶ 3 & 63.  The complaint asserts all claims against Defendants collectively, repeating references to "Defendants" and "Defendants and each of them" without specifying conduct attributed to individual Defendants in this lawsuit. *See generally* Compl.  To the extent Plaintiffs seek to utilize these generic references to attribute conduct to RHC in or directed at the California forum, these allegations similarly fail to meet plaintiffs' burden on a motion to dismiss for lack of personal jurisdiction.  *LY Retail*,  2013 WL 1233851, at *5-6.

[43] Ex. 1, Vanderwoude Decl. ¶ 2.

[44] Ex. 1, Vanderwoude Decl. ¶ 2.

[45] Compl. ¶¶ 9-10; Ex. 1, Vanderwoude Decl. ¶ 3.

[46] Ex. 1, Vanderwoude Decl. ¶ 4-5; Ex. 1-A, Ex. 1-A, Feb. 24, 2016 Order, *State v. Smith*, Cause No. CR-2014-06227-B, County Criminal Court No. 2, Denton County, Tex. ; Ex. 1-B, June 29, 2017 Order, *State of Texas v. Fajarado*, 2016CR11118, 227th Judicial Distirct Court, Bexar County, Tex.

[47] *See Walden*, 134 S.Ct. at 1124 ("Applying the foregoing principles we conclude that petitioner lacks the 'minimal contacts' with Nevada that are a prerequisite to exercise jurisdiction

Haight

**IV.**

**CONCLUSION**

For the foregoing reasons, Defendant Recovery Healthcare Corporation requests that the Court grant this motion and dismiss Recovery Healthcare Corporation pursuant to Fed. R. Civ. P. 12(b)(2)for lack of personal jurisdiction.

Dated:  August 28, 2017                    HAIGHT BROWN & BONESTEEL LLP


                                           By:      /s/ William E. Ireland
                                                   _____
                                                   William E. Ireland
                                                   Attorneys for Defendant
                                                   Recovery Healthcare Corporation

_____

over him. . . In short, when viewed through the proper lens—whether the *defendant's* actions connect him to the forum—petitioner formed no jurisdictionally relevant contacts with Nevada.").

# Exhibit "1"

### DECLARATION OF LARRY A. VANDERWOUDE

I, Larry A. Vanderwoude, declare as follows:

1.      I am the President and Chief Executive Officer of Recovery Healthcare Corporation ("RHC"). I have held that position since 1995. I have personal knowledge of the facts set forth herein. If called as a witness, I could and would competently testify to the matters stated herein. I make this declaration in support of Defendant Recovery Healthcare Corporation's Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(2).

2.      RHC has two agreements with Alcohol Monitoring Systems, Inc. ("AMS"). AMS sells SCRAM Continuous Alcohol Monitoring devices ("SCRAM Devices") to RHC. Pursuant to AMS's agreements with RHC, RHC is an authorized SCRAM Device provider for customers and clients in the Texas, Iowa, Minnesota and Oklahoma region only. The agreements with AMS prohibit RHC from marketing, demonstrating, selling or providing SCRAM Devices to customers and clients in California or other areas outside of RHC's territory. RHC markets, demonstrates, sells, and provides SCRAM Devices to customers and clients in Texas, Iowa, Minnesota, and Oklahoma only.

3.      The only named plaintiffs who obtained SCRAM Devices from RHC are Derrick Smith and Kaleb Fajarado.

4.      Attached hereto as Exhbit 1-A is a true and correct copy of the order dated February 24, 2016 in *State of Texas v. Derrick Cash Smith*, Cause No. CR-2014-06227-B, in Country Criminal Court No.2, Denton County, Texas.

5.      Attached hereto as Exhibit 1-B is a true and correct copy of the order dated June 29, 2017 in *State of Texas v. Fajarado, Kaleb R.*, Cause No. 2016CR11118, in the 227th Judicial District Court of Bexar County, Texas.

6.      RHC is incorporated in the state of Texas. RHC's principal place of business is 9090 North Stemmons Freeway, Suite A, Dallas, Texas 75247.

7.    RHC does not have offices, staff, or other physical presence in California. RHC is not licensed to do business in California.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on this 28th day of August, 2017.

Larry A. Vanderwoude

# Exhibit "1-A"

FILE FOR RECORD
DENTON COUNTY CLERK

FEB 2 4 2016

JUD LUKE
DEPUTY

## CAUSE NO. CR-2014-06227-B

| | | |
|---|---|---|
| STATE OF TEXAS | § | IN THE COUNTY CRIMINAL |
| | § | |
| V. | § | COURT NUMBER TWO |
| | § | |
| DERRICK CASH SMITH | § | DENTON COUNTY, TEXAS |

### ORDER ON MODIFICATION OF BOND CONDITIONS ON APPEAL

It is hereby ordered as of today's date that the Defendant, Derrick Cash Smith, shall maintain an interlock deep lung device on all vehicles that he operates as previously ordered in his original case bond. In addition, the Defendant shall install a SCRAM device on his person. Such device shall remain on until removed by the Court. The Court shall, ninety (90) days after the date of installation, determine if said SCRAM device shall continue to be required as a condition of bond.

The Court hereby orders that this case be set on the Court's docket ninety (90) days from the date of installation of the SCRAM device so as to determine if Defendant is compliant with this order and to consider removal of said SCRAM device.

The Defendant has ten (10) days from the date of this order to comply with said conditions of the Court. Failure to do so will result in a warrant being issued for the Defendant.

SIGNED AND ENTERED this the 24th day of February, 2016.

_____
**JUDGE PRESIDING**

The State is Agreed.

Barrett Doran

# Exhibit "1-B"

Case 2:17-cv-05588-CAS-PLA   Document 44   Filed 08/28/17   Page 18 of 23   Page ID #:213

2016CR11118

| | |
|---|---|
| STATE OF TEXAS | 227TH JUDICIAL DISTRICT COURT |
| VS | OF |
| FAJARDO, KALEB R.<br>1027419 | BEXAR COUNTY, TEXAS |

## ORDER

_____ Continue with Ignition Interlock, SCRAM, and add Substance Abuse Treatment (offender paid).

_____ Bond Increased to $ _200, 000. 00_____ issue a warrant of arrest and continue with Ignition Interlock, SCRAM, and add Substance Abuse Treatment (offender paid).

_____ Other: _____

_____        6·29·17
Presiding Judge                          Date

Pre-Trial Officer: Jasmin Scott

Pre-Trial Section: AMS

## DECLARATION OF WILLIAM E. IRELAND

I, William E. Ireland, declare as follows:

1.     I am an attorney at the law firm of Haight Brown & Bonesteel LLP, local counsel of record for Defendant Recovery Healthcare Corporation in the above-captioned action, working with lawyers from Munck Wilson Mandala.  I am a member in good standing of the State Bar of California.  I have personal knowledge of the facts set forth in this Declaration and, if called as a witness, could and would testify competently to such facts under oath.  I submit this declaration in support of Defendant's Motion to Dismiss the Plaintiff's complaint in this matter.

2.     After an evaluation had been done, and a decision made to bring a Motion to Dismiss because of the lack of jurisdictional contacts for our client with the forum State of California, we attempted to meet and confer with Plaintiffs' counsel.  Our time to do so was limited because our deadline to respond to the Complaint was August 29, 2017.

3.     On August 24, 2017, I tried to contact plaintiffs' counsel, Edwin Aimufua, by phone(818-855-1118).  On that same date, I sent an email asking him to contact us.

4.     On August 25, 2017, I tried calling counsel three separate times and sent another email to counsel.  Attached hereto as Exhibit "2" is a true and correct copy of my emails to plaintiff's counsel.

5.     No voice mail message box has been set up on plaintiffs' counsel's 818-855-1118 telephone line so I was unable to leave a voice mail message.

6.     As of the date of this Declaration, we have not heard from plaintiffs' counsel regarding our requested meet and confer on this motion.

/ / /

/ / /

/ / /

/ / /

1    Executed on this 28th day of August, 2017, at Los Angeles, California.

2    I declare under penalty of perjury under the laws of the State of California

3    that the foregoing is true and correct.

4

5                                        /s/ William E. Ireland
                                         _____
6                                        William E. Ireland

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

11000-0001059
12401936.1                                   2

# Exhibit "2"

## Ireland, William

| | |
|---|---|
| **From:** | Ireland, William |
| **Sent:** | Friday, August 25, 2017 10:57 AM |
| **To:** | Edwin I. Aimufua Esq. |
| **Cc:** | Jessica L. Spaniol; Walter A. Herring |
| **Subject:** | RE: Oh, etc v SCRAM |

Mr. Aimufua: I have not heard from you.  I have tried calling but your voice mail seems to be turned off and no one answered the phone.  Could you please let me know when you are available to discuss the jurisdictional basis for your claims against Recovery Healthcare.

Thank you for your attention to this matter.

-----Original Message-----
From: Ireland, William
Sent: Thursday, August 24, 2017 5:19 PM
To: Edwin I. Aimufua Esq.
Cc: Jessica L. Spaniol; Walter A. Herring
Subject: Re: Oh, etc v SCRAM


>
> Our office has been retained as local counsel to represent Recovery Healthcare in this matter, along with lead counsel Munck Wilson.  Are you available to discuss this matter tomorrow, with particular emphasis on the jurisdictional basis for your claims.  We are intending to bring a 12(b)6 motion to dismiss on those grounds but would like to discuss it with you.
>
> Thanks and I look forward to hearing from you.
>
Please use this email address, and not the yahoo account.  Thanks.
> Sent from my iPhone


William Ireland
Partner
D: 213.542.8035
213.542.8135
wireland@hbblaw.com

Haight Brown & Bonesteel LLP
555 South Flower Street
Forty-Fifth Floor
Los Angeles, CA 90071
O: 213-542-8000
F: 213-542-8100
www.hbblaw.com

The contents of this email message and its attachments are intended solely for the addressee(s) hereof. This email transmission may be confidential and it may be subject to privilege protecting communications between attorneys and their clients. If you are not the named addressee, or if this message has been addressed to you in error, you are directed not to read, disclose, reproduce, distribute, disseminate or otherwise use this transmission. Delivery of this message to any person other than the intended recipient(s) is not intended in any way to waive privilege or confidentiality. If you have received this transmission in error, please alert the sender by reply e-mail. We request that you immediately delete this message and its attachments, if any. UNAUTHORIZED INTERCEPTION PROHIBITED BY FEDERAL LAW (18 U.S.C 2510-2522).